Filed 7/17/24  P. v. Scarano CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B329064 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA354702) |
| v. | |
| CHRISTOPHER FRANCIS SCARANO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Reversed and remanded.

Jonathan E. Demson, under appointment by Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General for Plaintiff and Respondent.

## I.    INTRODUCTION

Christopher Francis Scarano (defendant) appeals from an order summarily denying his petition for resentencing under Penal Code section 1172.6.[1]  The trial court relied on the transcript of the preliminary hearing, finding that defendant failed to make a prima facie showing that he was eligible for relief.  We reverse.

## II.    BACKGROUND

### A.    *Underlying Criminal Conviction*

On December 1, 2009, the Los Angeles County District Attorney (District Attorney) filed an information charging defendant with the murder of Erika Scarano (§ 187, subd. (a)) and alleging that in the commission of that offense, defendant "personally used a deadly and dangerous weapon, to wit, [a] knife" (§ 12022, subd. (b)(1)).

On November 4, 2010, defendant pleaded no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted to personally using a knife in connection with that crime (§ 12022, subd. (b)(1)).  Defense counsel stipulated that a factual basis

---

[1]    All statutory references are to the Penal Code.

The Legislature renumbered section 1170.95 as section 1172.6 effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  For clarity, we will refer to section 1172.6 throughout this opinion.

supported the plea.[2]  The trial court accepted the plea and on May 9, 2012, sentenced defendant to an aggregate term of 12 years in state prison.

B.    *Section 1172.6 Proceedings*

On July 25, 2022, defendant filed a form section 1172.6 petition for resentencing, declaring that:  (1) an information was filed against him "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime"; (2) he "was convicted of . . . manslaughter following a trial or . . . accepted a plea offer in lieu of a trial at which he could have been convicted of murder"; and (3) he "could not presently be convicted of murder . . . because of changes made to" sections 188 and 189, effective January 1, 2019. (Emphasis omitted.)

The trial court appointed counsel for defendant.

On September 7, 2022, the District Attorney filed an opposition to the petition, arguing that defendant was the actual killer and thus ineligible for resentencing as a matter of law.  The District Attorney attached as an exhibit to its opposition the transcript from the preliminary hearing.  That transcript included the testimony of a witness who testified that on March 29, 2009, she saw defendant, whom the victim had identified as her son, use a knife to repeatedly stab the victim.

Defendant filed a reply.

---

[2]    We grant the Attorney General's request for judicial notice of the reporter's transcript of defendant's plea.

3

On March 6, 2023, the trial court held a hearing to determine whether to issue an order to show cause and denied defendant's petition on the grounds that he had not made a prima facie showing that he was entitled to relief. The court cited to the preliminary hearing transcript, the fact that defendant was the only person named in the complaint and information, and defendant's admission to the use of a knife allegation, to conclude that defendant was the actual killer and therefore ineligible for relief.

Defendant timely appealed.

## III.   DISCUSSION

Defendant contends that the trial court erred in denying his resentencing petition without holding an evidentiary hearing. We independently review the denial of a resentencing petition at the prima facie stage. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

In 2019, the Legislature, through Senate Bill No. 1437 (2017–2018 Reg. Sess.), amended section 188 to eliminate the natural and probable consequences doctrine as it applies to murder and to require, with certain exceptions under the felony-murder rule, that a defendant act with malice to be convicted of murder. (§ 188, subd. (a)(3).) Section 1172.6 now permits a person who was convicted of murder under a theory in which malice is imputed to a person based solely on that person's participation in a crime, or manslaughter, to file a petition with the sentencing court to vacate the conviction and be resentenced. (§ 1172.6, subd. (a).)

Under section 1172.6, a defendant convicted by plea of

voluntary manslaughter must attest to the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of . . . manslaughter following . . . a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a)(1)–(3), (b)(1).)

"After a petition for resentencing is filed, the trial court must then determine whether the defendant has made a prima facie showing of entitlement to relief under section [1172.6]" (*People v. Davenport* (2021) 71 Cal.App.5th 476, 480.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless . . . . [¶] While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited . . . . '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "In reviewing any

5

part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] . . . [T]he 'prima facie bar was intentionally and correctly set very low.'" (*Id.* at p. 972.) "At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record. [Citation.] And this allegation is not refuted by the record unless the record conclusively establishes every element of the offense." (*People v. Curiel* (2023) 15 Cal.5th 433, 463.) If the petitioner makes a prima facie showing of eligibility, the trial court must issue an order to show cause and hold an evidentiary hearing. (*Ibid.*)

Here, defendant made a prima facie showing that he was eligible for relief that was not refuted by the record as a matter of law. Because the information charged defendant with the generic crime of murder, the prosecution could have proceeded on a theory of murder under the natural and probable consequences doctrine, felony murder theory, or other imputed malice theory. (See § 1172.6, subd. (a)(1); *People v. Davenport, supra*, 71 Cal.App.5th at p. 484.) Further, defendant declared that he was convicted of manslaughter following a plea offer in lieu of a trial at which defendant could have been convicted of murder and that he could not presently be convicted of murder because of changes to sections 188 or 189.

The trial court nonetheless found that defendant's record of conviction demonstrated that he was the actual killer and therefore ineligible for relief as a matter of law. We disagree. Defendant pleaded no contest to manslaughter but he did not

6

admit that he was the actual killer. Further, although defendant admitted that a factual basis supported his plea, he did not stipulate that the preliminary hearing transcript supplied the factual basis for his plea. Reliance upon facts taken from the preliminary hearing transcript is "'impermissible factfinding' at the prima facie stage . . . ." (*People v. Davenport, supra*, 71 Cal.App.5th at p. 482; *People v. Williams* (June 28, 2024, F085868) ___ Cal.App.5th___ [2024 WL 3248695, *11] ["the preliminary hearing transcript does not conclusively establish a defendant's guilt, let alone any particular theory of guilt"]; *People v. Estrada* (2024) 101 Cal.App.5th 328, 339.) Likewise, defendant's admission that defendant personally used a deadly weapon did not establish as a matter of law that he was ineligible for resentencing relief. (See *People v. Jones* (2003) 30 Cal.4th 1084, 1120, italics added [a "finding of personal *use* . . . [does] not in itself prove [a] defendant was the actual killer" or perpetrator].)

Accordingly, the trial court erred in denying defendant's petition at the prima facie stage.

## IV.   DISPOSITION

The order denying defendant's section 1172.6 petition is reversed.  The matter is remanded to the superior court with directions to issue an order to show cause and to thereafter proceed as required by section 1172.6, subdivision (d).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

I concur:

BAKER, Acting P. J.

**People v. Christopher Francis Scarano**
**B329064**

LEE, J., Dissenting.

I respectfully dissent from the reasoning and disposition in this case. I would affirm the trial court's summary denial of defendant's petition under Penal Code section 1172.6[1] because the uncontroverted record shows that defendant was charged as the actual killer who acted alone, thereby refuting his declaration of eligibility for relief in his form petition. Following the appointment of counsel and briefing, defendant offered nothing that would undermine this conclusion. Under these circumstances, denial at the prima facie stage is appropriate and serves the function of distinguishing petitions with potential merit from those that are clearly meritless.

## BACKGROUND

Erika Scarano died from multiple stab wounds on March 29, 2009.[2] Cherylynn Delfino was the sole witness to testify at the preliminary hearing in November 2009. We draw the facts from her testimony. At the time of the killing, Delfino lived in a garage that had been converted to a small residence behind the main house, where Erika resided. One Sunday, Delfino and Erika attended church together, as they did each Sunday, and then returned to their respective homes. After resting awhile, Delfino "peek[ed]" into the main house through

---

[1]    All further statutory references are to the Penal Code.

[2]    Because the victim and defendant share the same last name, the former is referred to by first name (Erika).

the back door, which she did "quite often." She saw defendant sitting at the table, and Erika introduced him to her as her son, stating: "Everything is fine. You don't need to call 911." Delfino entered the kitchen and spoke with Erika for a few minutes, while defendant sat quietly at the kitchen table. Delfino then returned to her residence to get ready for work. About an hour later, Delfino left her house to go to work. As she locked her front door, she "heard a shrieking sound" coming from the main house.

Delfino ran into the main house and saw Erika seated in her kitchen chair, with defendant bent over her thrusting his hand downward quickly and repeatedly. Delfino tried to pull defendant off of Erika and yelled at him to stop, but to no avail. At some point, the chair where Erika sat fell, and Delfino saw a knife in defendant's hand. Delfino yelled that she was calling 911 and ran out of the house, at which point defendant stopped stabbing Erika, ran outside, made "a digging motion" in the yard, and ran away. Delfino returned to the main house and found Erika lying on her stomach on the kitchen floor.

Delfino was cross-examined. The parties stipulated that the medical examiner would testify to his determination that Erika died from multiple stab wounds to the chest and neck. Defense counsel then moved to dismiss for insufficiency of the evidence, arguing that no evidence was presented to show "malice aforethought, . . . premeditation, [or] deliberation," and urging, "at most what we have here is . . . a second degree [murder]."

In November 2010, defendant pled no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted to the allegation that he personally used a knife (§ 12022, subd. (b)). Defense counsel stipulated to the existence of a factual basis for the plea, without specifying any evidence supporting such facts. The trial

2

court accepted the plea and sentenced defendant to 12 years in state prison, which included 11 years for the voluntary manslaughter, and one year for the enhancement.

In July 2022, defendant petitioned for resentencing under section 1172.6 by filing a form petition with the boxes checked to allege the following requirements under the statute: (1) an information was filed against him "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime"; (2) he "was convicted of murder, attempted murder, or manslaughter following a trial or . . . accepted a plea offer in lieu of a trial at which he could have been convicted of murder or attempted murder"; and (3) he "could not presently be convicted of murder or attempted murder because of changes made to" sections 188 and 189, effective January 1, 2019. Defendant did not support his petition with a declaration or any other representation of the facts surrounding Erika's killing.

The court appointed counsel for defendant, and the People filed an opposition to his resentencing petition, arguing that he was ineligible for relief as the actual killer, and attaching the preliminary hearing transcript. Defendant filed a reply, arguing that "[w]hile the court can consider admissible evidence that was presented at the preliminary hearing, the court should refrain from the wholesale adoption of the preliminary hearing transcript," and that the court should issue an order to show cause "[s]ince [its] inquiry at this stage of the proceedings is narrow," and the "very limited admissible evidence at the prima facie stage" does not show defendant is ineligible for relief as a

3

matter of law. Defendant did not otherwise address the People's claim that he was convicted as the actual killer.

### *DISCUSSION*

Denial of a resentencing petition at the prima facie stage is subject to independent review. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) "A defendant seeking relief under section 1172.6 must 'file a petition' alleging entitlement to relief along with '[a] declaration' attesting to eligibility for relief. (§ 1172.6, subds. (a) & (b)(1)(A).) If the defendant 'makes a prima facie showing' of entitlement to relief (that is, if the record of conviction does not establish ineligibility for relief as a matter of law), then the court must in most cases convene an evidentiary hearing where the People bear the burden of establishing beyond a reasonable doubt that the defendant is guilty of the pertinent crime under the new, narrower definitions. (§ 1172.6, subds. (c) & (d).)" (*People v. Duran* (2022) 84 Cal.App.5th 920, 927.)

To trigger further proceedings, a petition must allege the three statutory conditions of eligibility set forth in section 1172.6, subdivision (a), that the defendant: (1) faced charges allowing the People to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory of implied malice, (2) was convicted of murder, attempted murder, or manslaughter or pled guilty when they could have been convicted of murder or attempted murder, and (3) "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).)

To satisfy this pleading requirement, defendants typically use a form with boxes next to sentences restating the language from section 1172.6, subdivision (a)(1), (2), and (3) and place

4

check marks in these boxes.  That was the case here.  With respect to the third condition of eligibility, the checkbox form "offers nothing more than [the] conclusory assertion" that defendant " 'could not presently be convicted of murder or attempted murder because of changes made' " to sections 188 and 189.  (*People v. Mares* (2024) 99 Cal.App.5th 1158, 1165 (*Mares*), review granted May 1, 2024, S284232.)

The trial court correctly determined that defendant failed to make a prima facie showing because the uncontroverted facts in the record refute his conclusory assertion that he could not be convicted today "because of" the 2019 changes to section 188 and 189.  The preliminary hearing transcript reflects the People's basis for charging defendant with murder.  (*People v. Reed* (1996) 13 Cal.4th 217, 223 [the preliminary hearing transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted"]; accord *Mares, supra*, 99 Cal.App.5th at p. 1167.)  The preliminary hearing transcript contained testimony from a percipient witness, as opposed to testimony offered under section 872, subdivision (b).[3]  The witness—a neighbor and companion of the victim—testified that she tried to pull defendant off of his adoptive mother to stop him from stabbing her further.  The percipient witness was cross-examined by defense counsel, and no contradictory facts were adduced.  Thus, the preliminary hearing transcript provides no occasion to weigh conflicting evidence.  The uncontroverted facts in the conviction record leave no room to infer that the People were pursuing a theory under

---

[3]     A probable cause finding at a preliminary hearing may be based on the testimony of a qualified officer who relates hearsay statements of witnesses made out of court and offered for their truth.  (§ 872, subd. (b).)

which anyone other than defendant killed or was involved in the killing of Erika. " '[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

Contrary to defendant's assertions, we need not weigh the evidence or credit the truth of the testimony in the preliminary hearing transcript to conclude that the record of conviction supports no theory other than that defendant was the actual killer, acting alone. (*Mares, supra*, 99 Cal.App.5th at pp. 1167-1168 ["It does not matter whether any fact offered at the hearing was correct. . . . No facts [alleged or substantiated by evidence] support a theory that he was an accomplice to a murder committed by some other person"]; cf. *People v. Estrada* (2024) 101 Cal.App.5th 328, 340 [where preliminary hearing transcript suggested involvement of multiple perpetrators, reliance on transcript to deny a petition at prima facie stage "would require the court to engage in impermissible factfinding"].) The preliminary hearing testimony sets forth the factual allegations upon which the People charged defendant with murder, even if not agreed to as the factual basis for defendant's plea. (See *People v. Davenport* (2021) 71 Cal.App.5th 476, 483 [prima facie inquiry is a test of allegations, not of the truth of the allegations or the credibility of the evidence on which they may rely].)

The remainder of the record of conviction is consistent with the People's theory as evidenced by the preliminary hearing transcript. The parties stipulated that the medical examiner determined multiple stab wounds caused Erika's death. Defendant was the sole person charged in the information, and

he was charged with murder and the personal use of a knife. He pled to voluntary manslaughter, admitting that he personally used a knife during the incident. There is no suggestion in the record of any lesser crimes that defendant might have aided and abetted; nor were any charged. There is no indication any person other than defendant, the victim, and the neighbor were present at the incident. Although the conclusory allegations defendant made by checking the boxes on the form petition might have otherwise sufficed for a prima facie showing, the record of conviction (including the preliminary hearing transcript) shows the actual killer theory as the only theory on which defendant could have been convicted. In other words, the record forecloses the possibility that defendant "could not presently be convicted of murder . . . because of changes" to sections 188 and 189. (§ 1172.6, subd. (a)(3).)

For defendant to assert that the changes to sections 188 and 189 would make him not guilty under today's law, he needed to "assert he would have defended himself with a theory that he was guilty of assisting some other (heretofore unidentified) person with some other (heretofore unidentified) crime that resulted in that person killing the victim." (*Mares, supra*, 99 Cal.App.5th at p. 1168.) Defendant made no such assertion in his petition; he merely checked the box next to the conclusory statement that he could not be convicted under the changed law. In opposing the petition, the People observed that the evidence at the preliminary transcript hearing only showed defendant as the actual killer. In his reply brief, defendant did not argue that he was not the actual killer; rather, he urged "the court [to] refrain from the wholesale adoption of the preliminary hearing transcript." At the prima facie hearing, defense counsel

7

submitted on the People's argument that defendant was convicted as the actual killer. And the facts that can be gleaned from the record are plainly inconsistent with a defense that he was assisting some other person with a different crime that resulted in that person killing his adoptive mother. (Cf. *People v. Rivera* (2021) 62 Cal.App.5th 217, 235 [record showed there were multiple perpetrators and defendant was not the actual killer, such that record did not "definitively establish" that defendant was not convicted under now abrogated theory of murder]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 978 [where defendant had a codefendant, pled guilty to murder during commission of robbery, and alleged in his resentencing petition he was not the actual killer, denial at prima facie stage was error].) The uncontradicted facts in the record of conviction "make impossible[, i.e., directly contradict,] the third allegation" necessary to establish a prima facie case. Under such circumstances, "[o]ther, significant, contradictory facts would need to be offered to have a basis to conclude that Senate Bill 1437 could have made a difference in [defendant's] decision to plead guilty." (*Mares, supra*, 99 Cal.App.5th at p. 1167.) Defendant has offered none. There is thus no need for an evidentiary hearing.

This conclusion comports with the *Lewis* court's affirmation that "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review

8

process." (*Lewis, supra*, 11 Cal.5th at p. 971; accord *People v. Curiel* (2023) 15 Cal.5th 433, 460; see *People v. Williams* (June 28, 2024, F085868) ___Cal.App.5th ___ [2024 Cal.App. Lexis 429, *52] (dis. opn. of Meehan, J.).)  Because the record forecloses any basis for the People to have proceeded against defendant on a now abrogated theory of murder liability, and defendant has not offered alternative facts upon which the People might have so proceeded, the trial court correctly denied his resentencing petition at the prima facie stage.

For these reasons, I respectfully dissent.

LEE, J.[*]

---

[*] Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.